UNITED STATES COURT OF INTRNATIONAL TRADE
BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE
_____

**Plaintiff:**

Gary L Barnes

      v.                                              Court Number: 25-00043

**Defendant:**

The United States

_____

## PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO DISMISS
_____

1. In 1787, delegates from the states wrote and signed the new U.S. Constitution which was then ratified in by the states in 1788. On March 4, 1789, the new U.S. Constitution was established as the Supreme Law of the land. The U.S. constitution is not an abstract document. It is a contract setting forth how the citizens of the United States will be governed.

2. Amendment IX of the U.S. Constitution states "The enumeration in the Constitution of certain rights shall not be construed to deny or disparage others retained by the people." Plaintiff has an inalienable right to defend, protect, uphold, and enforce the provisions of the United States Constitution contract.

3. The U.S. Constitution grants, in print, specific powers to each of the three branches of the U.S. Government. The basic subject of Plaintiff's complaint is the President of the United States Donald Trump unconstitutionally imposing duties through the issuing of

Executive Orders. Article I, Section 8 specifically grants Congress the power to "lay and collect" duties. The only way a specified Constitutional Power can be transferred from one branch of government to another branch of government is according to the provisions for amending the Constitution as set forth in its Article V.

4. In Marbury v. Madison (1803), the Supreme Court issued 2 rulings;

    a. "a court may may declare an act of Congress void **if** it is inconsistent with the Constitution."

    b. "Congress could not expand the Court's original jurisdiction beyond that granted in the Constitution."

Likewise, Congress cannot expand the original jurisdiction of the Executive Branch's power to include Congress's constitutionally specified power to lay and collect duties.

5. **Regarding Defendant's: I. Standard Of Review**

28 U.S. Code § 1581, (i) states in part "In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)–(h) of this section the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States its agencies, or its officers, that arises out of any law of the United States providing for

**(1)** revenue from imports or tonnage;

   **(2)** tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;"

The relief sought in Plaintiff's complaint of having duties imposed by President Trump, by issuing Executive Orders, declared unconstitutional is within the authority of the U.S, Court of International Trade.

**THEREFORE:** The Court of International Trade has jurisdiction over this action.

6. **Regarding Defendant's: II. Plaintiff Lacks Article III Standing To Bring This Suit**

U.S. Constitution, Article III does not contain any wording to require standing to bring a court action. However, the Standings Clause does have the list defendant presents, which are rules needed to help prevent frivolous law suits from taking up the court's time. Defendant has not made any claim Plaintiff's complaint is frivolous. Therefore, there needs to be some latitude in the rules to allow for any complaint regarding unconstitutional acts, otherwise any such claim regarding an unconstitutional act would never make it past a defendant's motion to dismiss.

   a. **Regarding Defendant's: A. Plaintiff Has Not Alleged An Injury In Fact**

Plaintiff's complaint is not about an "injury" to the body such as a broken bone. Plaintiff's complaint is about a breach of the Constitutional Contract, which is a concrete injury. Accountability for violations of the Constitution need to be done through the Judicial System. Therefore, there needs to be some latitude in the rules to allow for any complaint regarding unconstitutional acts, otherwise any claim of regarding an unconstitutional act would never make it past a defendant's motion to dismiss, because there are no complaints about unconstitutional actions that could ever be particularized or be concrete to a single group or plaintiff. Strictly adhering to the rules would make any court ruling on such matters inaccessible to those who cannot afford an attorney.

<u>**THEREFORE:** Plaintiff believes Article III Standing has been satisfied and a concrete injury in fact has been alleged.</u>

7. **Regarding Defendant's: B. Plaintiff's Alleged Injury Is Not Fairly Traceable To The Additional Tariffs**

Plaintiff's complaint is clearly about how duties are being unconstitutionally imposed, by Executive Order, on products entering the country. Plaintiff's suit is not about what happens after a duty has been imposed by Executive Order. Any mention of the resulting increased prices due to duties are merely an example of what will happen to the cost of products entering the country based on what happened after then President Trumps first term when he issued tariffs that imposed duties on products entering the country. Duties are not like a sales tax that is added to the cost of a product at the time of purchase and set forth on the receipt.

The payment of additional duties is not relevant to this action.

It is a fact President Trump has been imposing duties on foreign products entering the U.S.

The injury of violating (breaching) the provisions of the Constitutional contract is set forth on pages 6&7, #24, (P, Q, R, S) of the complaint, is directly traceable to President Trump imposing duties through Executive Orders.

<u>**THEREFORE:** Plaintiff's alleged injury is directly traceable to President Trump's unconstitutional imposing of duties by Executive Order</u>

8. **Regarding Defendant's: C. The Alleged Injuries are Not Redressable By A Favorable Court Decision**

President Trumps action of unconstitutionally imposing duties on foreign products entering the U.S. is the only matter before the court. Once again, Plaintiff's suit is not about what happens after a duty has been imposed by Executive Order.

President Trump, the United States, is the only party to this action.

<u>**THEREFORE:** A permanent injunction would favorably redress Plaintiff's complaint about duties being unconstitutionally imposed by Executive Order.</u>

9. **Regarding Defendant's: III. Prudential Standings Principles Support Dismissal**

    Once again, the core subject of Plaintiff's complaint is clearly about duties being unconstitutionally imposed and is not about the result of those duties. Plaintiff is not an attorney and therefore cannot vindicate the rights of others. Plaintiff can vindicate his own rights by having a court address the violation (breach) of the Constitutional Contact and if such action happens to vindicate the rights of others, so be it. Once again, Amendment IX of the U.S. Constitution instructs that even though a right is not specifically mentioned in the Constitution does not mean that it can be denied or disparaged. Prudential standing is like any other rule the courts have set up and has to have some latitude for those who choose to stand up for and protect their constitutional rights.

<u>**THEREFORE:** In this instance, Plaintiff feels Prudential Standing as such is irrelevant.</u>

## IN CONCLUSSION

Just because something has been done wrong for a long time does not make it right.

**THEREFORE:** Plaintiff requests the Court of International Trade to:

1. deny Defendant's Motion to Dismiss.
2. issue a temporary injunction halting the collection of new duties because President Trump has paused most of his new duties for 90 days and such action would not be an inconvenience or disruption.
3. freeze any new monies collected from duties since February 3, 2025.

_____


Respectfully submitted,


Gary L Barnes, Pro Se


April 22, 2025

## CERTIFICATE OF COMPLIANCE

Plaintiff certifies this reply to Defendant's Motion to Dismiss complies with the type-volume Rule 2(b) of the Court's Standard Chambers Procedures. Word processing calculated the number of words in Plaintiff's Reply to be 1336

Gary L Barnes

April 22, 2025

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies on April 22, 2025, I served Plaintiff's reply to Defendant's Motion to Dismiss on Defendant's Attorney of Record, Luke Mathers, by email to

[Luke.Mathers@usdoj.gov](mailto:Luke.Mathers@usdoj.gov) and by certified USPS mail to the following address:

Luke Mathers
Trial Attorney
U.S. Department of Justice
International Trade Field Office
26 Federal Plaza - Room 346
New York, NY 10278


April 22, 2025