UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| GARY L. BARNES, | |
| Plaintiff, | |
| v. | Court No. 25-00043 |
| UNITED STATES, | |
| Defendant. | |

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

YAAKOV M. ROTH
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

CLAUDIA BURKE
Deputy Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

LUKE MATHERS
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9236
*Attorneys for Defendant*

Dated: May 9, 2025

# **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ......................................................................................................................... 2

    I.     Plaintiff Has Waived Any Theory Of Standing Relating To Payment Of Additional Duties ................................................................................................................. 2

    II.    Plaintiff's Sole Remaining Theory Of Standing—"Breach Of The Constitutional Contract"—Is Foreclosed By Supreme Court Precedent ............................................. 3

    III.   Plaintiff Lacks Prudential Standing, As Demonstrated By Cases Recently Filed In This Court By Importers Challenging Similar Executive Actions ....................................... 4

CONCLUSION ...................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Cases**

*Bennet v. Spear*,
    520 U.S. 154 (1997) .................................................................................................. 4

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013) .................................................................................................. 3

*Green v. Dep't of Educ. of N.Y.*,
    16 F.4th 1070 (2d Cir. 2021) ..................................................................................... 2

*Kelley v. U.S. Dep't of Labor*,
    812 F.2d 1378 (Fed. Cir. 1987) ................................................................................. 3

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) .............................................................................................. 1, 3

*Patel v. United States*,
    No. 2023-1325, 2023 WL 2387221 (Fed. Cir. Mar. 7, 2023) .................................... 2

*Sigvaris, Inc. v. United States*,
    211 F. Supp. 3d 1353 (Ct. Int'l Trade 2017) ............................................................. 2

*Valley Forge Christian Coll. v. Americans United for Separation of Church & State*,
    454 U.S. 464 (1982) .................................................................................................. 3

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| GARY L. BARNES, | : |
| Plaintiff, | : |
| v. | : Court No. 25-00043 |
| UNITED STATES, | : |
| Defendant. | : |

## **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, the United States (the Government), respectfully submits this reply in support of the Government's motion to dismiss plaintiff Gary L. Barnes's complaint.

## **INTRODUCTION**

Plaintiff has narrowed his theory of Article III standing.  "The payment of additional duties is not relevant to this action," plaintiff has clarified.  ECF No. 13 (Response Br.) at 4.  Instead, plaintiff's sole injury is what he alleges to be the President's "breach of the Constitutional Contract."  *Id.* at 3–5.  Furthermore, plaintiff asks that there "be some latitude in the rules" of standing "to allow for" his complaint challenging alleged "unconstitutional acts."  *Id.*

The "irreducible constitutional minimum of standing," however, does not permit such latitude.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  Plaintiff's interest "in proper administration of the laws"—here, "Government observance of the Constitution and laws"—is no basis for standing.  *Id.* at 576.  Accordingly, plaintiff lacks standing to challenge the tariffs at issue, and the Court must dismiss plaintiff's complaint for lack of subject-matter jurisdiction.

## **ARGUMENT**

I.  **Plaintiff Has Waived Any Theory Of Standing Relating To Payment Of Additional Duties**

To start, plaintiff has waived any theory of standing premised on the payment of additional tariffs. Plaintiff states that "[t]he payment of additional duties is not relevant to this action," Response Br. at 4, and otherwise provides no response to the Government's arguments that plaintiff, who is not an importer, has failed to plausibly allege standing based on any purported financial injury. *See* ECF No. 9 (Gov't Br.) at 11–15 (ECF pagination) (explaining that plaintiff's alleged financial harms do not constitute a cognizable injury-in-fact that is traceable to the challenged action and redressable by a favorable court decision). Instead, plaintiff argues that he has standing solely on the basis of a "breach of the Constitutional Contract." Response Br. at 3–5.

Under these circumstances, any theory of standing premised on the payment of additional tariffs has been waived, if not abandoned. Parties waive arguments by not including them in their opening briefs. *See, e.g.*, *Sigvaris, Inc. v. United States*, 211 F. Supp. 3d 1353, 1364 (Ct. Int'l Trade 2017). Plaintiff's status as a *pro se* litigant does not excuse this abandonment or waiver, either. A *pro se* litigant still waives an issue by failing to address it in briefing and, as is the case here, expressly conceding the issue. *See, e.g.*, *Patel v. United States*, No. 2023-1325, 2023 WL 2387221, at *1 n.* (Fed. Cir. Mar. 7, 2023) (per curiam) (citing *Green v. Dep't of Educ. of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021) ("[A] pro se litigant abandons an issue by failing to address it in the appellate brief.")). Accordingly, plaintiff's sole remaining theory of standing is that he has been injured by the President's alleged non-observance of the Constitution.

2

## II. Plaintiff's Sole Remaining Theory Of Standing—"Breach Of The Constitutional Contract"—Is Foreclosed By Supreme Court Precedent

Plaintiff's theory of standing—that the President has injured him by allegedly "breach[ing] the Constitutional Contract," Response Br. at 3–5—is foreclosed by Supreme Court precedent, as the Government explained in its motion to dismiss. Gov't Br. at 11, 13. Standing is "not satisfied by the abstract injury in nonobservance of the Constitution asserted by citizens" like plaintiff because that alleged injury is neither particularized to plaintiff nor concrete. *Valley Forge Christian Coll. v. Americans United for Separation of Church & State*, 454 U.S. 464, 482 (1982) (cleaned up). And remedying such abstract, generalized injury "is the function of Congress and the Chief Executive," not the courts. *Lujan*, 504 U.S. at 576. Thus, the Supreme Court "repeatedly has rejected claims of standing predicated on the right, possessed by every citizen, to require that the Government be administered according to law." *Valley Forge Christian Coll.*, 454 U.S. at 482–83 (quotation omitted).

Plaintiff requests "some latitude in the rules" of standing "to allow for" his complaint challenging alleged "unconstitutional acts," Response Br. at 3–5, but Article III standing is already an "*irreducible* constitutional minimum." *Lujan*, 504 U.S. at 560 (emphasis added). Further "[r]elaxation of standing requirements" would represent an "expansion of judicial power" not permitted by Article III. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408–09 (2013). And although "leniency with respect to mere formalities should be extended to a *pro se* party, … a court may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only." *Kelley v. U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). As such, plaintiff's remaining theory of standing premised on the President's alleged breach of the Constitution is foreclosed by Supreme Court precedent, and the Court may not relax Article III's standing requirements for plaintiff.

### III. Plaintiff Lacks Prudential Standing, As Demonstrated By Cases Recently Filed In This Court By Importers Challenging Similar Executive Actions

Finally, as the Government explained in its motion to dismiss, plaintiff must also demonstrate prudential standing to bring suit. Gov't Br. at 16 (citing *Bennet v. Spear*, 520 U.S. 154, 163 (1997)). But plaintiff cannot bring suit to vindicate the rights of third parties: importers and others from whom tariffs are collected. *Id.* Nor did plaintiff provide any "reason why those responsible for paying the additional tariffs are unable to seek relief in this Court for alleged violations of their own rights." *Id.*

Since the Government filed its motion, a number of importers have done just that: filed suit to seek relief in this Court for alleged violations of their own rights stemming from executive orders imposing tariffs under the International Emergency Economic Powers Act (IEEPA). Specifically, two groups of importers sued to challenge IEEPA tariffs, raising constitutional arguments just like plaintiff's. *V.O.S. Selections, Inc. v. Trump*, Court No. 25-00066 (Ct. Int'l Trade filed Apr. 14, 2025); *Princess Awesome, LLC v. U.S. Customs & Border Prot.*, Court No. 25-00078 (Ct. Int'l Trade filed Apr. 24, 2025). And in the latter case, the importers are challenging one of the same executive orders that plaintiff challenges. *Princess Awesome, LLC*, Court No. 25-00078, ECF No. 4 at ¶ 48 (Ct. Int'l Trade Apr. 24, 2025). Accordingly, the Court should dismiss the complaint for lack of prudential standing as other litigants have now proven that they are better suited to litigate the validity of the IEEPA tariffs.

## **CONCLUSION**

For these reasons, the Court should dismiss the complaint for lack of jurisdiction.

|  |  |
|---|---|
| | Respectfully submitted, |
| | YAAKOV M. ROTH<br>Acting Assistant Attorney General |
| | PATRICIA M. McCARTHY<br>Director |
| | CLAUDIA BURKE<br>Deputy Director |
| | <u>/s/ Justin R. Miller</u><br>JUSTIN R. MILLER<br>Attorney-In-Charge<br>International Trade Field Office |
| | <u>/s/ Luke Mathers</u><br>LUKE MATHERS<br>Trial Attorney<br>Department of Justice, Civil Division<br>Commercial Litigation Branch<br>26 Federal Plaza, Room 346<br>New York, New York 10278<br>(212) 264-9236 |
| Dated: May 9, 2025 | *Attorneys for Defendant* |

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| GARY L. BARNES,<br><br>           Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>           Defendant. | Court No. 25-00043 |

## CERTIFICATE OF COMPLIANCE

    I, LUKE MATHERS, a trial attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing brief, relying upon the word count feature of the word processing program used to prepare the brief, certify that this brief complies with type-volume limitation under USCIT Standard Chamber Procedure 2(B) and contains 1,075 words.

                                                /s/ Luke Mathers
                                                LUKE MATHERS

## **CERTIFICATE OF SERVICE**

I, Luke Mathers, a trial attorney in the Department of Justice, Civil Division, Commercial Litigation Branch, International Trade Field Office, certify that on May 9, 2025, on behalf of the United States, defendant, I caused the foregoing reply to be served upon Gary L. Barnes, plaintiff, at his last-known address, by FedEx.

/s/ Luke Mathers
LUKE MATHERS