UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: JENNIFER CHOE-GROVES, JUDGE

|  |  |
|---|---|
| GARY L. BARNES, | : |
| Plaintiff, | : |
| v. | : Court No. 25-00043 |
| UNITED STATES, | : |
| Defendant. | : |

**ORDER**

Upon reading defendant's response in opposition to plaintiff's motion for reconsideration or, in the alternative, motion to dismiss plaintiff's amended complaint, and plaintiff's response thereto; and upon consideration of other papers and proceedings had herein, it is hereby

**ORDERED** that this action is dismissed.

_____
Judge

Dated: _____
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| GARY L. BARNES, | : |
| Plaintiff, | : |
| v. | : Court No. 25-00043 |
| UNITED STATES, | : |
| Defendant. | : |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, <u>MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>**

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

CLAUDIA BURKE
Deputy Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

LUKE MATHERS
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9236
*Attorneys for Defendant*

Dated: July 21, 2025

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................... 1

ARGUMENT............................................................................................................................ 2

    I.    The Court Should Decline to Reconsider its Order Dismissing Plaintiff's Complaint Because it Considered the Allegations that Plaintiff Claims Demonstrate Standing................... 2

    II.    Alternatively, Should The Court Construe Plaintiff's Filing as an Amended Complaint, it Fails to Allege a Particularized, Actual or Imminent Injury and Should be Dismissed ............. 4

    III.    Plaintiff Lacks Prudential Standing, As Demonstrated By Cases Recently Filed In This Court By Importers Challenging Similar Executive Actions....................................................... 4

CONCLUSION........................................................................................................................ 5

# **TABLE OF AUTHORITIES**

**Cases**

*Barnes v. United States*,
  --- F. Supp. 3d ---, 2025 WL 1483384 (Ct. Int'l Trade May 23, 2025) .......................... 1, 2, 3, 4

*Bennet v. Spear*,
  520 U.S. 154 (1997) ................................................................................................................ 4

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013) ................................................................................................................ 4

*DaimlerChrysler Corp. v. Cuno*,
  547 U.S. 332 (2006) ................................................................................................................ 4

*Frothingham v. Mellon*,
  262 U.S. 447 (1923) ................................................................................................................ 4

*Henke v. United States*,
  60 F.3d 795 (Fed. Cir. 1995) .................................................................................................. 2

*SeAH Steel Corp. v. United States*,
  619 F. Supp. 3d 1309 (Ct. Int'l Trade 2023) .......................................................................... 3

*Totes-Isotoner Corp. v. United States*,
  580 F. Supp. 2d 1371 (Ct. Int'l Trade 2008) .......................................................................... 3

**Rules**

USCIT Rule 12(b)(1) .................................................................................................................. 1

USCIT Rule 59(e) ....................................................................................................................... 2

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| GARY L. BARNES, | : |
| Plaintiff, | : |
| v. | : Court No. 25-00043 |
| UNITED STATES, | : |
| Defendant. | : |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, the United States (the Government), respectfully submits this response in opposition to plaintiff Gary L. Barnes's motion for reconsideration or, in the alternative, moves under Rule 12(b)(1) of the United States Court of International Trade (USCIT) to dismiss plaintiff's amended complaint for lack of subject-matter jurisdiction.

**INTRODUCTION**

This Court held that plaintiff failed to allege Article III standing—specifically, that the tariffs he challenges would cause him a particularized, actual or imminent injury. *Barnes v. United States*, --- F. Supp. 3d ---, 2025 WL 1483384 (Ct. Int'l Trade May 23, 2025). The Court provided plaintiff an opportunity to amend his complaint. *Id.* at *6. Instead of filing an amended complaint, plaintiff filed a "request to have [this Court] reverse [its] decision to dismiss," ECF No. 16 at 1—in other words, a motion for reconsideration. But reconsideration is unwarranted. Plaintiff raises the same arguments and allegations that this Court already considered and held were insufficient to establish standing.

For the same reasons, even if plaintiff's filing could be construed as an amended complaint, plaintiff still lacks standing. The only additional matter that plaintiff includes in his filing suggests that some retailers have independently chosen to charge more for some products in light of the tariffs at issue. But, like plaintiff's original allegations, this fails to demonstrate that plaintiff will (1) suffer a "*particularized* injury" like "importers" might, and (2) be "injured by *incurring specific costs* that increased as a result of the imposed tariffs." *Barnes*, 2025 WL 1483384, at *5–*6 (emphasis added). As such, even if plaintiff's filing could be considered an amended complaint, it should be dismissed for failure to allege Article III standing.

## ARGUMENT

I. **The Court Should Decline to Reconsider its Order Dismissing Plaintiff's Complaint Because it Considered the Allegations that Plaintiff Claims Demonstrate Standing**

Although the Court construed plaintiff's filing as an amended complaint, *see* ECF No. 17, the language of plaintiff's filing is more akin to a motion for reconsideration under USCIT Rule 59(e). The rule that a pro se filing must be liberally construed "may explain its ambiguities, but it does not excuse its failures[.]" *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). Here, plaintiff's filing is titled a "request to have [this Court] reverse [its] decision to dismiss" the complaint. It discusses the existing allegations in the complaint, and, standing alone, does not contain the information necessary to state a claim for relief (like the particular executive orders challenged). ECF No. 16. The filing is, in both style and substance, a motion asking the Court to reconsider its order dismissing the original complaint—not a new complaint.

Plaintiff's request should be denied because it does not meet the standard for a motion for reconsideration. "The major grounds justifying a grant of a motion to reconsider a judgment are an intervening change in the controlling law, the availability of new evidence, the need to correct

2

a clear factual or legal error, or the need to prevent manifest injustice." *SeAH Steel Corp. v. United States*, 619 F. Supp. 3d 1309, 1312 (Ct. Int'l Trade 2023) (quotation omitted). Reconsideration is not available "merely to give a losing party another chance to re-litigate the case or present arguments it previously raised." *Totes-Isotoner Corp. v. United States*, 580 F. Supp. 2d 1371, 1374 (Ct. Int'l Trade 2008) (quotation omitted).

But here, plaintiff seeks to relitigate matters already considered and decided by the Court. Plaintiff points to paragraphs 25 and 63 of his complaint to argue that he has standing, ECF No. 16 at 1, but the Court analyzed these paragraphs in its opinion and correctly held that they failed to allege a particularized, actual or imminent injury, *Barnes*, 2025 WL 1483384, at *5 (citing paragraphs 25 and 63 of the complaint, among others). Nor is plaintiff's argument that some retailers may have independently decided to pass on the cost of the challenged tariffs as to some products, ECF No. 16 at 2–3, a new allegation. The complaint already alleges that "[m]anufacturers and businesses will pass the cost of doing business, caused by the import taxes, on to consumers[.]" ECF No. 3 ¶ 25. And again, the Court considered that point and held that plaintiff nevertheless failed to allege that he was "a member of a group that may have a particularized injury, such as importers," and that "he has been injured by incurring specific costs that increased as a result of the imposed tariffs." *Barnes*, 2025 WL 1483384, at *5–*6. Nothing in plaintiff's motion for reconsideration undermines those conclusions.

The Court should accordingly deny reconsideration and dismiss this case for lack of subject-matter jurisdiction.

II. **Alternatively, Should The Court Construe Plaintiff's Filing as an Amended Complaint, it Fails to Allege a Particularized, Actual or Imminent Injury and Should be Dismissed**

For the same reasons, should the Court construe plaintiff's filing as an amended complaint, this action should still be dismissed for lack of subject-matter jurisdiction. There are no factual allegations in plaintiff's filing establishing either that he is "a member of a group that may have a particularized injury, such as importers," or that "he has been injured by incurring specific costs that increased as a result of the imposed tariffs." *Barnes*, 2025 WL 1483384, at *5–*6. Plaintiff does not allege that he is an importer; nor does he allege that he was involved in any way in any import transaction; nor does he allege to have paid more, as a result of the challenged tariffs, for any product that he has purchased. *See* ECF No. 16. "Plaintiff's fears of higher costs and alleged unconstitutional conduct are therefore not particularized," and his alleged "consumer injury" is still nothing "more than speculative[.]" *Barnes*, 2025 WL 1483384, at *5–*6 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 334 (2006); *Frothingham v. Mellon*, 262 U.S. 447, 488 (1923); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). Thus, even if plaintiff's filing is an amended complaint—which it is not—it must be dismissed.

III. **Plaintiff Lacks Prudential Standing, As Demonstrated By Cases Recently Filed In This Court By Importers Challenging Similar Executive Actions**

Finally, as the Government explained in its original motion to dismiss, plaintiff also fails to demonstrate prudential standing to bring suit. ECF No. 9 at 16 (citing *Bennet v. Spear*, 520 U.S. 154, 163 (1997)). Plaintiff cannot bring suit to vindicate the rights of importers and others from whom tariffs are collected. *Id.* Nor did plaintiff provide any "reason why those responsible for paying the additional tariffs are unable to seek relief in this Court for alleged violations of their own rights." *Id.* Indeed, since plaintiff filed his original complaint, a number of importers filed suit to seek relief in this Court for alleged violations of their own rights stemming from the

4

tariffs that plaintiff challenges—proving that they are able (and better situated) to vindicate their own interests. *See, e.g.*, *V.O.S. Selections, Inc. v. United States*, Court No. 25-00066 (Ct. Int'l Trade), *appeal filed*, No. 2025-1812 (Fed. Cir.). Accordingly, the Court should dismiss the complaint for lack of prudential standing as other litigants have now proven that they are better suited to litigate the validity of the IEEPA tariffs.

## CONCLUSION

For these reasons, the Court should dismiss this case for lack of subject-matter jurisdiction.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

CLAUDIA BURKE
Deputy Director

/s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Luke Mathers
LUKE MATHERS
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9236

Dated: July 21, 2025                                    *Attorneys for Defendant*

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| GARY L. BARNES, | : |
| Plaintiff, | : |
| v. | : Court No. 25-00043 |
| UNITED STATES, | : |
| Defendant. | : |

**CERTIFICATE OF COMPLIANCE**

I, Luke Mathers, a trial attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing brief, relying upon the word count feature of the word processing program used to prepare the brief, certify that this brief complies with type-volume limitation under USCIT Standard Chamber Procedure 2(B) and contains 1,238 words.

/s/ Luke Mathers
LUKE MATHERS

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| GARY L. BARNES, | : |
| Plaintiff, | : |
| v. | : Court No. 25-00043 |
| UNITED STATES, | : |
| Defendant. | : |

**CERTIFICATE OF SERVICE**

    I, Luke Mathers, a trial attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, certify that on July 21, 2025, on behalf of the United States, defendant, I caused the foregoing filing to be served upon Gary L. Barnes, plaintiff, at his last-known address, by FedEx.

/s/ Luke Mathers
LUKE MATHERS