UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: JENNIFER CHOE-GROVES, JUDGE

_____
                                        :
GARY L. BARNES,                         :
                                        :
                        Plaintiff,      :
                                        :
        v.                              :        Court No. 25-00043
                                        :
UNITED STATES,                          :
                                        :
                        Defendant.      :
_____:

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, the United States (the Government), respectfully submits this reply in support of the Government's motion to dismiss for lack of jurisdiction.

The Court held that plaintiff Gary L. Barnes failed to allege Article III standing to challenge tariffs imposed by the President under the International Emergency Economic Powers Act. *Barnes v. United States*, --- F. Supp. 3d ---, 2025 WL 1483384 (Ct. Int'l Trade May 23, 2025). Among other things, the Court explained that plaintiff did not claim to be "a member of a group that may have a particularized injury, such as importers," and "failed to plead in his Complaint how he has been injured by incurring specific costs that increased as a result of the imposed tariffs." *Id.* at *5–*6. The Court provided plaintiff with an opportunity to amend his complaint to resolve "all pleading deficiencies." *Id.* at *6.

Plaintiff still has not remedied the deficiencies that the Court identified in granting the Government's original motion to dismiss. For one, plaintiff filed a motion for reconsideration, rather than an amended complaint. ECF No. 18 at 2–3. Plaintiff now suggests that his filing can be considered "an amendment or extension to" his original complaint, ECF No. 19 ¶ 1, but as

already explained, that filing merely rehashes the original complaint's allegations rather than offering anything new.  ECF No. 18 at 2–3.

For another, plaintiff now concedes that, even under his theory of injury that is three steps removed from the payment of tariffs, ECF No. 19 ¶¶ 4–6, he "do[es] not know how much [he is] being assessed" in tariffs (if it all), *id.* ¶ 13.  Mere speculation that tariffs of some unspecified amount might be passed on from importers to retailers and then to consumers like plaintiff—which, again, is speculation that plaintiff offered in his original complaint, ECF No. 3 ¶ 25—is not enough for Article III standing.  *Barnes*, 2025 WL 1483384, at *5–*6 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 334 (2006); *Frothingham v. Mellon*, 262 U.S. 447, 488 (1923); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)).  Plaintiff still fails to allege that he is a member of a group that has suffered particularized injury or has incurred "specific costs that increased as a result of the imposed tariffs."  *Id.* at *5–*6.

Finally, plaintiff has not responded to the Government's argument that plaintiff has failed to demonstrate prudential standing.  ECF No. 18 at 4–5.  That is reason alone to dismiss this case.  *See NetworkIP, LLC v. F.C.C.*, 548 F.3d 116, 120 (D.C. Cir. 2008) ("[A]rguments in favor of subject matter jurisdiction can be waived by inattention or deliberative choice[.]").

## CONCLUSION

For these reasons, the Court should dismiss this case for lack of jurisdiction.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

CLAUDIA BURKE
Deputy Director

/s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Luke Mathers
LUKE MATHERS
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9236

Dated: August 29, 2025          *Attorneys for Defendant*

3

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: JENNIFER CHOE-GROVES, JUDGE

_____
|                                    :
GARY L. BARNES,                      :
                                     :
                        Plaintiff,   :
                                     :
            v.                       :        Court No. 25-00043
                                     :
UNITED STATES,                       :
                                     :
                        Defendant.   :
_____:

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with type-volume limitation under USCIT

Standard Chamber Procedure 2(B) because it contains 470 words.


                                        /s/ Luke Mathers
                                        LUKE MATHERS

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: JENNIFER CHOE-GROVES, JUDGE

_____
                                        :
GARY L. BARNES,                         :
                                        :
                        Plaintiff,      :
                                        :
            v.                          :        Court No. 25-00043
                                        :
UNITED STATES,                          :
                                        :
                        Defendant.      :
_____ :

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 29, 2025, on behalf of the United States, defendant, I caused the foregoing reply to be served upon Gary L. Barnes, plaintiff, at his last-known address, by FedEx.

<u>/s/ Luke Mathers</u>
LUKE MATHERS